NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0396n.06
Filed: May 13, 2005

No. 04-5751

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GEORGE RICE, | ) | |
| | ) | |
| **Defendant-Appellee**, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| | ) | |
| **Plaintiff-Appellant** | ) | |
| _____ | ) | |

**Before: BATCHELDER and NORRIS, Circuit Judges, and MILLS, District Judge.**[*]

**RICHARD MILLS, District Judge.**

### FACTS

On July 17, 2003, Lasharma Hill attempted to pass a counterfeit $50-bill at the Salem Tambco gas station in Livingston County, Kentucky. The gas station's employees detected the counterfeit bill and contacted the Kentucky State Police

_____

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

1

(the "KSP"). KSP trooper, Michael Williams, arrived at the gas station while Hill remained there. Hill told Williams that she obtained a counterfeit $50-bill, two counterfeit $20s, and a counterfeit $10-bill from her boyfriend, George Rice. Rice loaned Hill the money at his home that morning shortly before Hill tried to pass it at the gas station.

Williams took Hill to the Livingston County Courthouse and she was advised of her rights. Hill then provided officers a written statement in which she identified the location of Rice's home as 102 Montivista in Salem, Kentucky. Although Hill had never been a police informant, Williams used her statement to prepare an affidavit for a search warrant. The affidavit stated that on July 17, 2003, Williams received a call from Tommy Scholl, the manager of the gas station, at approximately 10:00 a.m. Scholl told him that Lasharma Hill attempted to pass a counterfeit $50-bill. Hill, who was still on the premises, stated that she got the bill, as well as two $20-bills and a $10 bill, from her boyfriend, George Rice, at his home a short while before she tried to pass it at the gas station. Williams interviewed Hill, obtained Rice's address, got directions to Rice's home, and consulted the county's attorney.

The Livingston County District Court issued a search warrant on July 13, 2003. The warrant authorized a search of Rice's home for "counterfeit money,

equipment and/or supplies which are or may be used in manufacturing counterfeit money, any and all records which might show evidence of manufacture and/or exchange of counterfeit money; any other criminal activity." The search warrant was executed at Rice's home at 1:16 p.m. on July 13. Officers did not discover any counterfeit money or counterfeiting equipment. However, they did discover seventeen firearms in the residence. Rice admitted that he owned some of the firearms and that others had been pawned to him.

Rice was indicted on charges of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Rice moved the district court to suppress the evidence the police discovered during their search of his residence. The district court allowed Rice's motion, finding that the affidavit in support of the warrant was too "bare bones" to support its issuance. The Government timely appealed the district court's decision.

## JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1291. We review a district court's factual findings in a suppression hearing for clear error and we review its legal conclusions de novo. See United States v. Waldon, 206 F.3d 597, 602 (6th Cir.2000); United States v. Guimond, 116 F.3d 166, 169 (6th

3

Cir.1997).

## ANALYSIS

When reviewing a district court's decision on a motion to suppress, "[f]indings of fact are upheld unless clearly erroneous, while conclusions of law are reviewed *de novo*." United States v. Leake, 95 F.3d 409, 416 (6th Cir. 1996); see also United States v. Pelayo-Landero, 285 F.3d 491, 494 (6th Cir.2002)(same). Here, the district court held no hearing and made no factual findings. It made only legal conclusions about the validity of the warrant issued by the Livingston County District Court. Because the district court was itself a reviewing court, "we owe its conclusions no particular deference. In reviewing a state magistrate's determination of probable cause, this court pays great deference to a magistrate's findings, which should not be set aside unless arbitrarily exercised." Leake, 998 F.2d at 1362-63 (internal citations and quotations omitted).

An issuing magistrate must apply a "totality of the circumstances" to determine if probable cause exists for a warrant. Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This test requires the magistrate to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying the hearsay information," probable cause exists.

4

Id.

In determining whether an affidavit establishes probable cause:

> [T]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

United States v. Carpenter, 360 F.3d 591, 594 (6th Cir.2004) (en banc) (quoting Gates, 462 U.S. at 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527. A warrant must be upheld as long as the magistrate had a "substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . . ." Gates, at 236, 103 S.Ct. 2317; see also United States v. Finch, 998 F.2d 349, 352 (6th Cir.1993).

Here, the affidavit submitted to the Livingston County District Court by KSP Trooper Michael Williams stated:

> On the 17th day of July, 2003, at approximately 10:00 a.m., affiant received information from/observed: call from Tommy Scholl that the affiant needed to come to Tambco in Salem regarding counterfeit money. The affiant arrived and was advised by the manager (Mr. Scholl) that Lasharma Hill, who was still on the premises had attempted to pass a $50-bill which was determined to be counterfeit. She (Ms. Hill) stated that she had obtained $100.00 (1 $50.00; 2 $20s and a $10.00 bill) from George Rice (whom she was dating) at his residence . . . a short while earlier.
>
> Acting on the information received, affiant conducted the following independent investigation: brought Ms. Hill to the Courthouse, interviewed her, had her to [sic] write a statement (all after reading her

rights to her); ascertained Mr. Rice's identity and residence; talked with county attorney, obtained directions; obtained search warrant.

Although Hill was not a known informant, she had received counterfeit money from Rice at his residence within a few hours of her arrest. See Jones v. United States, 362 U.S. 257, 269-70, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)(supporting facts in an affidavit need not be based on the affiant's direct knowledge and observations, but may come from hearsay information supplied by an informant). This first-hand knowledge of the presence of counterfeit money and the short time between her receipt of the bogus bills and arrest offset her inexperience as an informant. See Gates, 462 U.S. at 230-32, 238, 103 S.Ct. 2317. See id. at 238-39, 103 S.Ct. 2317 (noting that the strength of one factor may compensate for the inadequacy of another factor).

Moreover, by identifying Rice's residence as the target of the search, Trooper Williams' affidavit described the area to be searched with particularity. And because Rice had recently given Hill counterfeit money at his residence, it was likely that additional counterfeit money might be found there. Furthermore, Trooper Williams independently corroborated Hill's statements via his investigation at the gas station and the verification of Rice's address after Hill's interview. Thus, we believe that the affidavit was sufficient to establish probable cause and that the magistrate correctly issued the search warrant.

6

**CONCLUSION**

For the reasons stated above, we REVERSE the district court's decision.